IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STAFFING NOW, INC.,<br>d/b/a FRIENDS & COMPANY<br>STAFFING SERVICES<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RAUL POSAS, and 4STAFF, LLC<br><br>　　　　　Defendant. | Civil Action No. 1:07-cv-01855 (RMC) |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Raul Posas and 4Staff, LLC, ("Defendants"), by undersigned counsel, hereby answer Staffing Now, Inc.'s ("Plaintiff") Complaint:

### NATURE OF THE ACTION

1. The allegations contained in Paragraph 1 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 1 of the Complaint.

### PARTIES

2. Defendants lack sufficient information to form a belief as to the truth of, and therefore deny, the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit that Mr. Posas was formerly employed by Staffing Now.

4. Defendants admit that 4Staff, LLC is in the staffing business, but deny that Mr. Posas, as a 4Staff employee, is competing with Staffing Now.

## JURISDICTION AND VENUE

5. The allegations contained in Paragraph 5 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. The allegations contained in Paragraph 6 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 6 of the Complaint.

## POSAS' EMPLOYMENT AGREEMENT WITH SNI

7. Defendants admit that Plaintiff hired Mr. Posas.

8. Defendants admit that Mr. Posas signed a non-competition agreement with Staffing Now.

9. In response to the allegations contained in Paragraph 9 of the Complaint, Defendants state that the non competition agreement speaks for itself.

10. In response to the allegations contained in Paragraph 10 of the Complaint, Defendants state that the non competition agreement speaks for itself.

11. In response to the allegations contained in Paragraph 11 of the Complaint, Defendants state that the non competition agreement speaks for itself.

12. In response to the allegations contained in Paragraph 12 of the Complaint, Defendants state that the non competition agreement speaks for itself.

13. In response to the allegations contained in Paragraph 13 of the Complaint, Defendants state that the non competition agreement speaks for itself.

## POSAS' EMPLOYMENT AT SNI

14. Defendants admit that Mr. Posas was employed by Staffing Now.

15. Defendants admit that Mr. Posas was employed by Staffing Now.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint as stated.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint as stated.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint as stated.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint as stated.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint as stated.

21. Defendants lack sufficient information to form a belief as to the truth of, and therefore deny, the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint as stated.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint as stated.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint as stated.

### **POSAS' BREACH OF HIS RESTRICTIVE COVENANT**

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint as stated.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint as stated.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint as stated.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint as stated.

## COUNT I – VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT (POSAS)

29. Defendant Posas hereby adopts and incorporates by reference his responses to the allegations contained in Paragraphs 1 through 28 of the Complaint.

30. Defendant Posas has filed a Motion to Dismiss this Count and has not therefore answered the allegations herein.

31. Defendant Posas has filed a Motion to Dismiss this Count and has not therefore answered the allegations herein.

32. Defendant Posas has filed a Motion to Dismiss this Count and has not therefore answered the allegations herein.

33. Defendant Posas has filed a Motion to Dismiss this Count and has not therefore answered the allegations herein.

## COUNT II – BREACH OF CONFIDENTIALITY AGREEMENT (POSAS)

34. Defendant Posas hereby adopts and incorporates by reference his responses to the allegations contained in Paragraphs 1 through 33 of the Complaint.

35. Defendant Posas, in response to the allegations contained in Paragraph 35 of the Complaint, states that the non competition agreement speaks for itself.

36. Defendant Posas denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant Posas denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant Posas denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant Posas denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant Posas denies the allegations contained in Paragraph 40 of the Complaint.

## COUNT III – BREACH OF NON-COMPETE AGREEMENT (POSAS)

41. Defendant Posas hereby adopts and incorporates by reference his responses to the allegations contained in Paragraphs 1 through 40 of the Complaint.

42. Defendant Posas states, in response to the allegations contained in Paragraph 42 of the Complaint, that the non competition agreement speaks for itself.

43. Defendant Posas denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant Posas denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant Posas denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant Posas denies the allegations contained in Paragraph 46 of the Complaint.

## COUNT IV – BREACH OF NON-SOLICITATION AGREEMENT (POSAS)

47. Defendant Posas hereby adopts and incorporates by reference his responses to the allegations contained in Paragraphs 1 through 46 of the Complaint.

48. Defendant Posas, in response to the allegations contained in Paragraph 48 of the Complaint, states that the non competition agreement speaks for itself.

49. Defendant Posas denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant Posas denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant Posas denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant Posas denies the allegations contained in Paragraph 52 of the Complaint.

## **COUNT V – UNJUST ENRICHMENT (POSAS)**

53. Defendant Posas hereby adopts and incorporates by reference his responses to the allegations contained in Paragraphs 1 through 52 of the Complaint.

54. Defendant Posas denies the allegations contained in Paragraph 54 of the Complaint as stated.

55. Defendant Posas denies the allegations contained in Paragraph 55 of the Complaint as stated.

56. Defendant Posas, in response to the allegations contained in Paragraph 56 of the Complaint, states that he earned and is entitled to any and all monies received from Staffing Now.

57. Defendant Posas denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant Posas denies the allegations contained in Paragraph 58 of the Complaint.

DC1 30211509.1

## COUNT VI – FRAUD (POSAS)

59.     Defendant Posas hereby adopts and incorporates by reference his responses to the allegations contained in Paragraphs 1 through 59 of the Complaint.

60.     Defendant Posas denies the allegations contained in Paragraph 60 of the Complaint.

61.     Defendant Posas denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant Posas denies the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant Posas denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant Posas denies the allegations contained in Paragraph 64 of the Complaint.

## COUNT VII – MISAPPROPRIATION OF TRADE SECRETS (POSAS AND 4STAFF)

65.     Defendants hereby adopt and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 64 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

## COUNT VIII – TORTIOUS INTERFERENCE WITH CONTRACT (4STAFF)

74. Defendant 4Staff hereby adopts and incorporates by reference their responses to the allegations contained in Paragraphs 1 through 73 of the Complaint.

75. Defendant 4Staff denies the allegations contained in Paragraph 75 of the Complaint.

76. Defendant 4Staff denies the allegations contained in Paragraph 76 of the Complaint as stated.

77. Defendant 4Staff denies the allegations contained in Paragraph 77 of the Complaint as stated.

78. Defendant 4Staff denies the allegations contained in Paragraph 78 of the Complaint.

79. Defendant 4Staff denies the allegations contained in Paragraph 79 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief Paragraph and deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As an affirmative defense, and without prejudice to its denials and other statements of its pleadings, Defendants allege that Plaintiff did not mitigate its damages.

8

DC1 30211509.1

## THIRD AFFIRMATIVE DEFENSE

All or a portion of Plaintiff's claims are barred by the doctrines of accord and satisfaction, novation and waiver.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's own conduct, omissions, negligence and/or non-performance bar any recovery.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's Complaint is barred in whole or in part by the statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Any claim for punitive damages is barred because the alleged acts or omissions fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless or fraudulent intent to deny Plaintiff his protected rights, and are not so wanton or willful as to support an award of punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendants made good faith efforts to comply with all applicable laws and regulations.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred because the information at issue in Plaintiff's claim does not constitute confidential information and trade secrets.

## NINTH AFFIRMATIVE DEFENSE

DC1 30211509.1

Defendants specifically reserve the right to amend this Answer to Plaintiff's Complaint by adding affirmative defenses and counterclaims as further investigation, discovery, and circumstances warrant.

DATED: November 6, 2007

RESPECTFULLY SUBMITTED,

RAUL POSAS

By /s/ Raymond C. Baldwin
Raymond C. Baldwin (Bar No. 461514)

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006-4004
(202) 463-2400

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I herby certify that a copy of the foregoing Defendants Answer were served via electronic notification, this 6th day of November 2007 on:

Darren William Stanhouse
McGuire Woods LLP
1050 Connecticut Ave., Suite 1200
Washington, D.C. 20036

Attorneys for Plaintiff

/s/ Raymond C. Baldwin

DC1 30211509.1