IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STAFFING NOW, INC., <br> d/b/a FRIENDS & COMPANY <br> STAFFING SERVICES <br><br> Plaintiff, <br><br> v. <br><br> RAUL POSAS, and 4STAFF, LLC <br><br> Defendant. | Civil Action No. 1:07-cv-01855 <br><br> Judge Rosemary M. Collyer |

## DEFENDANT RAUL POSAS' PARTIAL MOTION TO DISMISS

Defendant Raul Posas, by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss with prejudice Count I (Violation of the Computer Fraud and Abuse Act) of Plaintiff's Complaint. In support thereof, Mr. Posas states:

1. Staffing Now does not and cannot allege that Mr. Posas was not authorized to access information or exceeded his access to its computer system.

2. Staffing Now does not and cannot allege that it suffered the requisite damages to maintain a claim under the Computer Fraud and Abuse Act.

3. Staffing Now alleges only that Mr. Posas, an authorized user of the company's computer system, sent an e-mail to his home address containing company information, and that by sending this e-mail, Staffing Now faces the potential of a losing a candidate. Such allegations do not state a claim under the Computer Fraud and Abuse Act.

4. Staffing Now, by alleging a claim under the Computer Fraud and Abuse Act, attempts to obtain federal court jurisdiction for its routine state law claims that a former employee is competing against it in violation of his non competition agreement.

5. Staffing Now's Computer Fraud and Abuse Act claim should be dismissed, and this Court should decline to exercise its supplemental jurisdiction over the remaining state law claims and those claims should also be dismissed.

The grounds for this motion are set forth more fully in the attached memorandum of points and authorities.

DATED: November 6, 2007

RESPECTFULLY SUBMITTED,

RAUL POSAS

By /s/ Raymond C. Baldwin
Raymond C. Baldwin (Bar No. 461514)

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006-4004
(202) 463-2400

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STAFFING NOW, INC., <br> d/b/a FRIENDS & COMPANY <br> STAFFING SERVICES <br><br> Plaintiff, <br><br> v. <br><br> RAUL POSAS, and 4STAFF, LLC <br><br> Defendant. | Civil Action No. 1:07-cv-01855 (RMC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT RAUL POSAS' PARTIAL MOTION TO DISMISS**

Defendant Raul Posas, by undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby submits his Memorandum of Points and Authorities in Support of his Partial Motion to Dismiss.

## I.   INTRODUCTION

Staffing Now, Inc.'s claim that Mr. Posas violated the Computer Fraud and Abuse Act should be dismissed because: (A) Staffing Now does not and cannot allege that Mr. Posas was not authorized to access unidentified information or exceeded his access to its computer system and; (B) Staffing Now does not and cannot allege that it suffered the requisite damages to maintain a claim under the statute.

Indeed, instead of setting forth sufficient factual allegations to state a claim under the Computer Fraud and Abuse Act, and in an obvious attempt to obtain federal court jurisdiction, Staffing Now has simply copied the exact text of the statute into its Complaint, and alleged in wholly conclusory fashion that Mr. Posas has somehow violated that text. Such allegations do

DC1 30211464.1

not set forth a claim under the Computer Fraud and Abuse Act and do not satisfy the pleading standards set forth in Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955 (May 21, 2007).

Staffing Now's Computer Fraud and Abuse Act claim should be dismissed and this Court should decline to exercise its supplemental jurisdiction over the remaining state law claims.

## II. ALLEGED RELEVANT FACTS[1]

Mr. Posas is a former Division Manager for Staffing Now. (Compl. ¶ 3). While employed by Staffing Now, he signed an Agreement indicating that he would not disclose Confidential Business Information[2]. (Compl. ¶ 9). Staffing Now provided Mr. Posas with access to such information. (Compl. ¶ 16). While employed at Staffing Now, Mr. Posas allegedly e-mailed to his personal e-mail account "candidate resumes, SNI forms and questionnaires, SNI Interview Preparation documents, Interview Worksheets, sample correspondence, scripts to use with clients and candidates, worksheets, training materials and other Confidential Business Information." (Compl. ¶ 23). Staffing Now did not authorize Mr. Posas to "transmit the information available through his SNI computer[3] or on the SNI network to

---

[1] In setting forth the facts as alleged in the Complaint, Mr. Posas does not concede those facts and, in fact, will contest them in the unlikely event this claim were to proceed.

[2] Such information is defined in the Agreement to purport to encompass virtually any and all company information. The only information even remotely specifically designated is "lists of customers, candidates and potential customers and candidates which it has developed…" (Compl. Exh. A). There is no allegation that Mr. Posas sent or is using such lists.

[3] According to Staffing Now, some unidentified policy would have prohibited Mr. Posas from sending any information to his personal e-mail account, regardless of the reason. Such an allegation defies belief. For example, Staffing Now cannot credibly contend that its employees were not permitted to work from home on occasion or that employees are prohibited from sending any piece of information available on the internet through its computers to their home e-mail addresses. Staffing Now's claim is, in reality, that Mr. Posas took company information in violation of his Agreement and is purportedly using that information to compete against his former employer. This claim is unquestionably a state law claim—not a federal claim under the CFAA.

parties unaffiliated with SNI, or to his personal email account." (Compl. ¶ 31). Such actions also allegedly violated the Agreement Mr. Posas signed. (Compl. ¶ 37). Staffing Now's computers are used across state lines in interstate commerce. (Compl. ¶ 30). If Staffing Now were to lose a candidate placement as a result of Mr. Posas' sending information to his personal e-mail account, such loss is "likely to exceed $5,000." (Compl. ¶ 33).

### III.   ARGUMENT

#### A.   Staffing Now Does Not And Cannot Allege That Mr. Posas Was Not Authorized To Or Exceeded His Access To Its Computer System.

The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, although primarily a criminal statute, allows civil actions in certain circumstances. Staffing Now alleges that Mr. Posas violated subsections (a)(5)(A)(i) – (iii), and also alleges that he violated § (a)(4). (Compl. ¶ 32). As a purported basis for such claims, Staffing Now primarily repeats verbatim the text of each statutory section and alleges that a violation occurred. Such conclusory allegations, without more, cannot sustain a claim. Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955 (May 21, 2007)[4].

Beyond the rote listing of the statute, Staffing Now alleges only that Mr. Posas, while at work and with authorized access, sent Staffing Now materials to his home e-mail account.

---

[4] Twombly makes clear, among other things, that in order to survive a motion to dismiss, a claim must be adequately stated. Indeed, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' [(as required by Fed. R. Civ. P. 8(a)(2))] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." Id. at 1965 (citation omitted). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. at 1965 n.3. "[W]e hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that" the elements of the claim exist. Id. at 1965. "The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) [elements of the claim] reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966.

(Compl. ¶¶ 16,23). Such an allegation cannot and does not set forth a cognizable claim because it does not and cannot allege that Mr. Posas was not authorized to access the information or that in accessing it he exceeded his authorization to do so. See Educational Testing Service v. Stanley H. Kaplan, Ltd., 965 F.Supp. 731, 740 (D. Md. 1997) ([CFAA] intended only for those claims where "trespasser gains access to information to which he is not entitled to see, not those in which the trespasser uses the information in an unauthorized way.") (Motz, J.); International Ass'n of Machinists & Aero Workers v. Werner-Matsuda, 390 F.Supp.2d 479, 498 (D. Md. 2005) (use of information in breach of non compete agreement does not demonstrate unauthorized or exceeded access) (Chasanow, J.); In re America Online, Inc., 168 F.Supp.2d 1359, 1370 (S.D. Fla. 2001) (phrase "without authorization" contemplates a situation where an outsider or someone without authorization accesses a computer); Lockheed Martin Corp. v. Speed, 2006 WL 2683058 (M.D. Fla. August 1, 2006) (same); Diamond Power International, Inc. v. Davidson, 2007 WL 2904119 (N.D. Ga. October 1, 2007) (same).

As Judge Story stated in Diamond Power:

> Under the more reasoned view[5], a violation for "accessing without authorization" occurs only where initial access is not permitted. And a violation for "exceeding authorized access" occurs where initial access is permitted but the access of certain information is not permitted...Stated differently, a violation does not depend upon the defendant's unauthorized use of *information*, but rather upon the defendant's unauthorized *access.*"

2007 WL 2904119 (relying on Lockheed Martin v. Speed) (emphasis in original).

---

[5] Some courts have permitted plaintiffs to use the CFAA to maintain what is, in effect, simply another way of pleading a trade secrets or misappropriation claim. See e.g., International Airport Centers, LLC v. Citrin, 440 F.3d 418 (7th Cir. 2006); Shurgard Storage Centers, Inc. v. Safeguard Self Storage, 119 F.Supp.2d 1121, 1123 (W.D. Wash. 2000). The District of Columbia Circuit and District Courts do not appear to have taken a position on this point of law. Perhaps not surprisingly, Mr. Posas urges this Court to adopt the less expansive view of the CFAA, as adopted by the District's close neighbor, Maryland.

-4-

In fact, the plain language of the statute itself, which defines "exceeds authorizing access" as "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accessor is not entitled to obtain or alter" makes its scope very clear. Id. at 498. The CFAA addresses access not use.

In short, the general purpose of the CFAA was to "create a cause of action against 'computer hackers (*e.g.,* electronic trespassers).'" International Ass'n of Machinists & Aero Workers v. Werner-Matsuda, 390 F.Supp.2d 479 at 495 (relying on Sherman & Co. v. Salton Maxim Housewares, Inc., 94 F.Supp.2d 817, 820 (E.D. Mich. 2000)). And as the statute and case law make clear, the CFAA was not intended to redress run of the mill claims of misappropriation of company information. Staffing Now does not and cannot allege that Mr. Posas was not authorized to access the information or that he exceeded his access. Staffing Now's CFAA claim should be dismissed.

**B.    Staffing Now Does Not And Cannot Allege That It Suffered The Requisite Damages In Order To Maintain A CFAA Claim.**

In order to bring a civil suit under the CFAA for either compensatory damages or injunctive relief, an individual or entity must suffer "damage or loss," as those terms are defined by the statute. Id. In order to have suffered "damage" under the CFAA, a plaintiff must have experienced an "impairment to the integrity or availability of data, a program, a system, or information," §1030(e)(8). And to incur a "loss," the plaintiff must have incurred "any reasonable cost…including the cost of responding to an offense, conducting a damage assessment, and restoring the data…" or "revenue lost, cost incurred, or other consequential damages incurred *because* of the interruption of service." § 1030(e)(11) (emphasis added).

Staffing Now fails to allege either damage or loss and, instead, alleges only that it has suffered a potential harm, "SNI's loss of even one candidate placement due to Posas' unlawful

-5-

action is likely to exceed $5,000..." (Compl. at ¶ 33). Alleging that *if* it lost a candidate such damages *would likely exceed* $5,000, cannot substitute for actually suffering harm as defined by the CFAA.

**Damage.** Staffing Now does not and cannot allege anywhere in its Complaint that it suffered any "damage" *i.e.* any "impairment to the integrity or availability of data, a program, a system, or information," from any action by Posas. Staffing Now alleges only that Mr. Posas sent himself an e-mail—nothing more. (Compl. ¶ 23). Staffing Now has not and cannot demonstrate that it suffered CFAA damage.

**Loss.** Staffing Now has not and cannot allege that there was any interruption in service which caused a loss in revenue. Further, Staffing Now has not and cannot allege that it incurred costs for investigating or restoring data or information aggregating more than $5,000, which was caused by Posas. § 1030(e)(11). Staffing Now has not and cannot, therefore, allege that it has suffered either damage or loss as defined by the CFAA and its claims must therefore be dismissed.

Instead, Staffing Now alleges that it faces the potential of a lost candidate. (Compl. ¶ 33). Because this hypothetical loss is not the result of an "interruption in service," however, Staffing Now cannot rely upon it to maintain a CFAA claim. Creative Computing v. Getloaded.com, 386 F.3d 930 (9th Cir. 2004) ("damages are indeed limited to those caused by the impairment"); Nexans Wires S.A. v. Sark-USA, Inc., 166 Fed. Appx. 559, 562, 2006 U.S. App. LEXIS 3619, **5-6 (2d Cir. 2006) (stating that lost revenue only recoverable if connected to an interruption in service); In re Intuit Privacy Litig., 138 F. Supp. 2d 1272, 1281 (C.D. Ca. 2001) (loss means irreparable damage); Civic Ctr. Motors, Ltd v. Mason Street Import Cars, Ltd., 387 F. Supp. 2d 378, 382 (S.D. N.Y. 2005) (lost revenue recoverable only if interruption in service);

Register.com, Inc. v. Verio, 126 F. Supp. 2d 238, 252 (S.D. N.Y. 2000) (lost business cannot constitute loss absent impairment); Resdev, LLC v. Lot Builders Ass'n., 2005 U.S. Dist. LEXIS 19099 (M.D. Fla. Aug. 10, 2005) (same); Lockheed Martin Corp., v. Speed, 2006 U.S. Dist. LEXIS 53108 (Md. Fla. August 1, 2006) (wrongful taking of trade secrets does not constitute CFAA "damage" or "loss")[6].

In sum, because the Complaint contains no allegations that Staffing Now incurred any costs of investigation, damage assessment, or restoration of data or information, or impairment or interruption of service, Staffing Now has not stated a cause of action against Posas under the CFAA.

### IV. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Raul Posas respectfully requests that Count I of Plaintiff's Complaint be dismissed with prejudice.

DATED: November 6, 2007                    RESPECTFULLY SUBMITTED,

                                                RAUL POSAS

                                                By /s/ Raymond C. Baldwin
                                                Raymond C. Baldwin (Bar No. 461514)

                                                SEYFARTH SHAW LLP
                                                815 Connecticut Avenue, N.W., Suite 500
                                                Washington, DC  20006-4004
                                                (202) 463-2400

                                                Attorneys for Defendants

---

[6] In Shugard Storage Centers, Inc. v. Safeguard Self Storage, 119 F. Supp. 2d 1121 (W.D. Wash. 2000), by relying upon the term "integrity," the court found a broader definition of damage and loss. As more companies seek to use the CFAA to redress routine non compete cases, however, the more recent court decisions, as cited above, appear to indicate a preference for a more narrow statutory construction.

## CERTIFICATE OF SERVICE

I herby certify that a copy of the foregoing Defendant Posas' Partial Motion to Dismiss and Memorandum of Points and Authorities in Support were served via electronic notification, this 6th day of November 2007 on:

>Darren William Stanhouse
>McGuire Woods LLP
>1050 Connecticut Ave., Suite 1200
>Washington, D.C. 20036
>
>Attorneys for Plaintiff

/s/ Raymond C. Baldwin

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STAFFING NOW, INC.,<br>d/b/a FRIENDS & COMPANY<br>STAFFING SERVICES<br><br>Plaintiff,<br><br>v.<br><br>RAUL POSAS, and 4STAFF, LLC<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:07-cv-01855<br>)<br>) Judge Rosemary M. Collyer<br>)<br>)<br>)<br>)<br>) |

## ORDER

Upon consideration of Defendant Posas' Partial Motion to Dismiss, any Opposition thereto, and the entire record herein, it is this _____ day of _____, 2007,

ORDERED, that said Motion be and HEREBY is GRANTED, and it is

FURTHER ORDERED, that Count I of Plaintiff's Complaint is Dismissed with prejudice, and it is

FURTHER ORDERED, that the Court declines to exercise its Supplemental Jurisdiction over Plaintiff's remaining state law claims, and therefore DISMISSES those claims.

SO ORDERED.

_____
Judge Rosemary M. Collyer (USDCJ)

DC1 30211530.1